**E-FILED**
Wednesday, 30 April, 2014 01:12:45 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

DIANE STIGLEMAN
Plaintiff,

v.

WAL-MART STORES, INC.
Defendant.

No. 13-3370

**REPORT AND RECOMMENDATION**

Now before the Court is the Defendant Wal-Mart's Motion to Dismiss (Doc. 4). The District Judge has referred these matters for a Report and Recommendation. The Motion is fully briefed, and for the reasons stated herein, the Court recommends that the Motion be denied.

**I**

The Plaintiff Diane Stigleman, as Special Administrator of the Estate of Matthew McClain (McClain), filed a Complaint against the Defendant on September 18, 2013 alleging that McClain's death was the direct and proximate result of the Defendant's negligence. (Doc. 1-1 at p. 7 ¶32).[1] On May 24, 2013, McClain's motorcycle collided with William Davis' vehicle as Davis departed the Wal-Mart at 2760 N. Dirksen Parkway, Springfield, Illinois (the Wal-Mart), using its private driveway, "Sam's Place," resulting in McClain's death. (Doc. 1-1 at p. 7 ¶32). In Count I of her Complaint, the Plaintiff specifically alleges that the Defendant negligently breached its duty of care

[1] The allegations of the Plaintiff's Complaint are presumed to be true for purposes of resolving a Motion to Dismiss.

owed to McClain by failing to, among other things: provide a safe means of ingress and egress to its business invitees; restrict and direct its business invitees using "Sam's Place" to solely making right turns from "Sam's Place" onto N. Dirksen Parkway; inspect, monitor, evaluate, and/or test the safety and/or adequacy of the intersection of "Sam's Place" and Dirksen Parkway in light of changed traffic conditions, roadway conditions, and/or the high number of accidents occurring after the opening of the Wal-Mart; and failed to provide proper traffic direction and control to motorists exiting "Sam's Place" and traveling onto N. Dirksen Parkway. (Doc. 1-1 at pp. 6-7 ¶31).

The Plaintiff also alleges that the Defendant knew or should have known at all times stated in the Complaint that the likelihood of injury posed to motorists proceeding northbound on N. Dirksen Parkway by drivers exiting the Wal-Mart attempting to travel either straight across approximately five lanes of traffic on N. Dirksen Parkway or attempting to turn left across approximately three lanes of traffic onto southbound N. Dirksen Parkway was extremely high. (Doc. 1-1 at pp. 3-4 ¶¶ 18-19). Further, the Plaintiff alleges that prior to May 24, 2013, the Defendant had knowledge that a collision occurred on October 22, 2011 at the same intersection of N. Dirksen Parkway and "Sam's Place" between a motorist and motorcyclist, and the latter was "catastrophically injured" as a result. (Doc. 1-1 at p. 4 ¶¶ 20-22). In Count II of the Complaint the Plaintiff alleges, among other things, that the Defendant willfully and wantonly failed to restrict and direct its business invitees using "Sam's Place" to solely make right turns onto N. Dirksen Parkway and willfully and wantonly allowed a dangerous and/or defective condition to exist on its property which endangered the

safety of McClain. (Doc. 1-1 at pp. 10-11 ¶42).[2] The Plaintiff identifies her theories of liability as straight negligence, premises liability, nuisance, and willful and wanton misconduct. (Doc. 9 at p. 6).

**II**

**A**

A Complaint must contain "a short and plain statement of a claim showing that the pleader is entitled to relief." FRCP 8(a)(2). In order to survive a motion to dismiss, a complaint must contain enough factual matter that if accepted as true would state a claim to relief plausible on its face. *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp. v Twombly*, 550 US 544, 570 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Twombly*, 550 US at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In other words, "[T]he Plaintiff must allege 'more than a sheer possibility that a defendant has acted unlawfully.'" *McReynolds v Merrill Lynch & Co.*, 694 F3d 873, 885, quoting *Iqbal*, 556 US at 678.

The Defendant argues that Count I of the Plaintiff's Complaint alleging premises liability should be dismissed because the Plaintiff's allegations fail to give rise to a duty on Wal-Mart's part to operate, control, or manage the intersection of N. Dirksen Parkway and "Sam's Place," or to otherwise ensure the safety of motorists driving along N. Dirksen Parkway. The Defendant cites to the Illinois Highway Code and

---

[2] These allegations are contained in the first Paragraph 42 of the Plaintiff's Complaint. The remainder of Count II's allegations are misnumbered.

various cases identifying the Illinois Department of Transportation's authority to regulate the manner of entrance to and exit from private drives to public roadways. The Plaintiff counters that Wal-Mart owed a duty to operate, manage, control, and direct the use of "Sam's Place" in order to protect McClain from foreseeable injury from motorists exiting "Sam's Place." The Plaintiff notes that Wal-Mart's motion to dismiss a nearly identical complaint filed in state court by the individual involved in the October 22, 2011 incident was denied under the more stringent fact pleading standard in Illinois state court.

To state a claim for negligence, a plaintiff must show that the defendant owed a duty, the defendant breached that duty, and an injury to the plaintiff proximately caused by that breach. *Iseberg v Gross*, 879 NE2d 278, 284 (Ill 2007); *Rusch v Leonard*, 927 NE2d 316, 321 (Ill App 2010) (setting forth the same elements in order to prevail on a premises liability claim). Whether a duty exists is a question of law. *LaFever v Kemlite Co.*, 706 NE2d 441, 446 (Ill 1998). In deciding that question, a court must consider: 1) reasonable foreseeability; 2) reasonable likelihood of injury; 3) the magnitude of the burden on the defendant in guarding against injury; and 4) the consequences of placing that burden on the defendant. Id. Furthermore, whether a duty exists "depends upon whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff." *Ziemba v Mierzwa*, 566 NE2d 1365, 1366 (Ill 1991).

After considering the four factors set forth above, the Plaintiff's Complaint sufficiently alleges a duty on the Defendant's part. As for reasonable foreseeability and

reasonable likelihood of injury, she identified a similar collision in October 2011 and the high volume of accidents at similarly designed Wal-Mart private driveways across the United States and Canada. Additionally, she alleged the minimal burden that would be put upon the Defendant in guarding against injury and the insignificant consequences in placing the burden on the Defendant. Accordingly, the Complaint on its face alleges facts sufficient to establish a duty Wal-Mart owed to the Plaintiff.

**B**

The Defendant, however, first argues in support of its Motion to Dismiss that the State of Illinois rather than Wal-Mart owed the duty to ensure the safe points of ingress and egress between N. Dirksen Parkway. While the Defendant's cited Illinois statutes and cases provide that the State has the authority to maintain and operate the access roads to state highways, neither the statutes nor the cases set forth the State's *exclusive* duty to do so. Furthermore, the Illinois courts' discussion of a motorist's non-delegable duty to other motorists when proceeding from a stop sign and/or when entering or crossing a public roadway from a private drive or roadway does not answer the question of whether the owner of the private drive or roadway also owes a duty to ensure the safety of those traveling on the abutting public roadway.

**C**

The Defendant also argues that the Court should reject the Plaintiff's attempt to find a duty on the part of private property owners to prevent third party motorists from beaching their own duty to obey the rules of the road. That argument does not make the Plaintiff's Complaint vulnerable to dismissal. The Court must not only accept all of

the Plaintiff's factual allegations as true on a motion to dismiss, but must also draw all reasonable inferences in the Plaintiff's favor. *Virnich v Vorwald*, 664 F3d 206, 212 (7th Cir 2011). As the Plaintiff contends, reasonable inferences to be drawn from her allegations include that the intersection at "Sam's Place" and N. Dirksen Parkway was dangerous because it presented motorists exiting the Wal-Mart with too much information to process and decide in a few seconds. In other words, the inference is that a dangerous condition exists even for non-negligent motorists.

The Defendant cites *Antol v Chavez-Pereda* in support of its argument that a motorist's duty to obey the rules of the road should not be reallocated to property owners abutting public roadways. In *Antol*, the plaintiff brought suit against a station wagon driver and the Chicago Transit Authority (CTA) for injuries he sustained as a result of a collision between his motorcycle and the station wagon at an intersection. 672 NE2d 320, 322 (Ill App 1996). Claiming negligence on the CTA's part, the plaintiff alleged that one of the latter's drivers waved him through the intersection without first determining that it was safe to proceed, and that the bus driver created a hazardous condition with the position of his bus partially in the intersection. Id at 322-23. Although the *Antol* court commented that whatever duty the CTA may have been under did not make it liable in tort for the unlawful conduct of another motorist, the Illinois Appellate Court's discussion of the CTA's duty arose in the context of the court's consideration of the jury's apportionment of liability between the individual motorist defendant and the defendant CTA. Id at 330. The Court did not answer the question of whether the CTA owed a duty. Id at 325. Rather, as the Plaintiff here

correctly states, the Court expressly declined to render an opinion as to whether the CTA had a duty to use ordinary care under the particular circumstances of that case. Id at 330.

*Long v Illinois Power Co.*, also cited by the Defendant as authority for why Wal-Mart should not be found to have a duty in this case, merely provides that violation of traffic control laws amounts to *prima facie* evidence of negligence on the part of the driver committing the violation. 543 NE2d 525, 531 (Ill App 1989). In that case, the plaintiff was injured as a result of a collision between the ambulance in which she was a passenger and a utility truck. Id at 526. Neither *Antol* nor *Long* say anything about a premises owner's duty (or lack thereof) to provide a safe means of entrance to and exit from its private roadway onto an abutting public roadway.

**D**

The Defendant next argues that it did not owe the Plaintiff a duty to protect him from injuries occurring off of its premises. However, Illinois courts have held that a business owner generally has a duty to provide a reasonably safe means of ingress to and egress from its business. *Hougan v Ulta Salon, Cosmetics and Fragrance, Inc.*, 999 NE2d 792, 798 (Ill App 2013); *Reed v Galaxy Holdings, Inc.*, 914 NE2d 632, 636 (Ill App 2009); *McLean v Rockford Country Club*, 816 NE2d 403, 410-11 (Ill App 2004); *Rogers v Matanda, Inc.*, 913 NE2d 15, 18 (Ill App 2009). Moreover, although the Defendant cites the Illinois Supreme Court case of *Ziemba* as supplemental authority in support of this argument, *Ziemba* is distinguishable.

In *Ziemba*, the Illinois Supreme Court considered the issue of whether a landowner has a duty to maintain his property in such a manner that his driveway is visible to travelers on an adjacent roadway. 566 NE2d at 1365. The *Ziemba* court found that the defendant did not owe a duty to the plaintiff under the circumstances. Id at 1369. It considered foreseeability of injury, the burden of imposing a duty on the defendant, and the relationship between the parties. Id at 1366-69. Determinative in the *Ziemba* court's analysis was that the condition on the defendant's land (foliage obstructing the defendant's unmarked driveway) "posed no danger to the plaintiff absent the independent, negligent act of the driver [exiting the driveway]," so that the accident in the case was not a reasonably foreseeable result of the condition on the defendant's land. Id at 1369. The Plaintiff disputes *Ziemba*'s application to the facts alleged here, arguing that the readily drawn inference from the Plaintiff's Complaint is that the intersection of N. Dirksen Parkway and "Sam's Place" was dangerous independently, without consideration of Davis' conduct.

There are two significant differences between the instant case and the *Ziemba* case. First, the Plaintiff's Complaint includes allegations that the Defendant had previous knowledge of a collision on October 22, 2011 at the same intersection of N. Dirksen Parkway and "Sam's Place" resulting in injury, and that Wal-Mart knew of various dangers and harm posed to its business invitees and passing motorists by similarly designed Wal-Mart private driveways across the United States and Canada. Second, the Plaintiff in the instant case, unlike in *Ziemba*, does not allege in her Complaint that Davis, or even McLain, was negligent in the operation of his vehicle.

Central to the *Ziemba* court's holding was the allegation (taken in the light most favorable to the plaintiff for purposes of the motion to dismiss) that the truck driver was negligent in exiting the driveway without warning and without yielding to traffic on the public roadway. Id at 1368.

Here, Plaintiff did not allege Davis' negligence and the reasonable inferences to be drawn from the alleged facts *do* include that the intersection was dangerous in and of itself, independent of the negligence of third parties attempting to enter the intersection from "Sam's Place." Thus, the facts alleged here fall outside the holding in *Ziemba* that "[b]ecause the condition on defendant's land posed no danger to plaintiff absent the independent, negligent act of the driver . . . the accident in this case was not a reasonably foreseeable result of the condition on defendant's land." Id at 1369. Notably, the *Ziemba* court commented that its decision was supported by general policy considerations and that the "underlying rationale for holding a landowner liable for injuries occurring as a result of conditions on his land is that the landowner is in the best position to prevent the injury." Id at 1369. The Plaintiff alleges that the intersection was indeed dangerous in and of itself and that the Defendant had prior knowledge of a similar collision at the intersection and the danger of similarly designed intersections at Wal-Marts elsewhere. The basis for the *Ziemba* court's decision therefore has no application to the established facts of this case.

**III**

Finally, the Defendant argues that the Plaintiff's Count II, alleging willful and wanton misconduct, contains merely conclusory phrases insufficient to state a claim.

To sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff. *Oravek v Community School District 146*, 637 NE2d 554, 557 (Ill App 1994) (explaining that willful and wanton misconduct must be manifested by facts alleged in the complaint). The Plaintiff's Complaint does more than include conclusory statements about the Defendant's willfulness and wantonness.

Specifically, while the phrase "willfully and wantonly" may have been added to the Plaintiff's allegations in Count I, those allegations are not themselves conclusory. Thus, the allegations of Count II do not fail simply because they mirror Count I's allegations with the addition in some instances of the phrase "willfully and wantonly." *See Block v Lohan Associates, Inc*., 645 NE2d 207, 225 (Ill App 1993) ("It is established law that the same actions may be done negligently or with wilful and wanton disregard, and that allegations for wilful and wanton conduct will not fail simply because they mirror allegations for negligence and merely change the state of mind"). Taken as a whole, Count II's allegations go beyond the bare characterization of the Defendant's acts as "willful and wanton." *Oravek*, 637 NE2d at 557.

**IV**

For the reasons set forth above, the Court recommends that the Defendant's Motion to Dismiss (Doc. 4) be denied in its entirety.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. FRCP 72(b)(2); 28 USC § 636(b)(1). Failure to

object will constitute a waiver of objections on appeal. *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Lorentzen v Anderson Pest Control*, 64 F3d 327, 330 (7th Cir 1995).

Entered on April 30, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE