UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DIANE STIGLEMAN, as Special Administrator of the Estate of Matthew McClain, deceased,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | No. 13-CV-03370 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on a Report and Recommendation (d/e 12) entered by United States Magistrate Judge Jonathan E. Hawley on April 30, 2014. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") timely filed its Objection to the Report and Recommendation (d/e 13) on May 12, 2014. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Judge Hawley recommended denying Wal-Mart's Motion to Dismiss (d/e 4). For the reasons that follow, this Court rejects the Report and Recommendation and GRANTS Wal-Mart's Motion to Dismiss.

## I. STANDARD OF REVIEW

This Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). This Court reviews findings of the Report and Recommendation to which no objection has been made for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). Upon review of the Report and Recommendation, this Court may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. BACKGROUND

The parties are familiar with the specific allegations of each count contained in the Complaint, and this information is fully set out in Part I of the Report and Recommendation, which this Court adopts. To summarize, Plaintiff Diane Stigleman, as Special Administrator of the Estate of Matthew McClain, filed a two-count complaint against Wal-Mart alleging negligence and willful and wanton misconduct in Wal-Mart's provision and maintenance of a private driveway called Sam's Place as a means of ingress and

egress to its business invitees at the Wal-Mart store at 2760 North Dirksen Parkway in Springfield, Illinois. Stigleman alleges that, as a direct and proximate result of Wal-Mart's allegedly defective driveway, McClain was killed on May 24, 2013, when William Davis exited the Wal-Mart store via Sam's Place and his vehicle collided with McClain's motorcycle on North Dirksen Parkway.

**A.  In September 2013, Stigleman Filed a Complaint**

In September 2013, Stigleman filed a complaint in Sangamon County Circuit Court. Wal-Mart removed the action to federal court. In December 2013, this Court denied Stigleman's Motion to Remand. (See December 2, 2013, Text Order.)

The complaint alleges that McClain's death was the direct and proximate result of Wal-Mart's negligence. In Count I, Stigleman alleges that Wal-Mart negligently breached its duty of care to McClain by failing to provide a safe means of ingress and egress to business invitees; by failing to restrict business invitees using Wal-Mart's Sam's Place driveway to making only right turns from Sam's Place onto North Dirksen Parkway; by failing to monitor, evaluate, or test the safety or adequacy of the intersection of Sam's Place and Dirksen Parkway in light of changed traffic conditions, roadway

conditions, or the high number of accidents that occurred after the opening of the Wal-Mart store; and by failing to provide proper traffic direction and control to motorists exiting Sam's Place to travel onto North Dirksen Parkway. (See Am. Notice Removal, d/e 8, ex. 1, pp. 6–7, ¶ 31.) According to Stigleman, the theories of liability in Count I sound in negligence, premises liability, and nuisance. (See Pl.'s Mem. Opp'n Mot. Dismiss, d/e 9, p. 6.)

In Count II, Stigleman alleges that Wal-Mart's actions constituted willful and wanton misconduct when Wal-Mart failed to restrict its business invitees using Sam's Place to making only right turns from Sam's Place onto North Dirksen Parkway and when Wal-Mart allowed a dangerous or defective condition to exist on its property which endangered McClain's safety. (See Am. Notice Removal, d/e 8, ex. 1, pp. 10–11, ¶ 42.)

**B.  In November 2013, Wal-Mart Filed a Motion to Dismiss**

Wal-Mart filed the present motion to dismiss in November 2013. Wal-Mart seeks to dismiss Count I on the ground that Stigleman's allegations do not give rise to a duty on Wal-Mart's part to operate, control, or manage the intersection of its private drive Sam's Place with North Dirksen Parkway, nor to any duty to ensure

the safety of motorists traveling on North Dirksen Parkway, a public road. (See Mot. Dismiss, d/e 4, pp. 2–3, ¶ 8.) Moreover, Wal-Mart asserts that it did not owe McClain any duty to protect him from injuries occurring off of its premises, nor from the injuries resulting from the third-party negligence of motorist William Davis. (Id., p. 5, ¶¶ 14, 15.) Wal-Mart seeks to dismiss Count II on substantially the same ground, that the complaint fails to state a claim because Wal-Mart owed McClain no duty of care. (Id., p. 7, ¶ 17.) Wal-Mart further asserts that Count II adds nothing to the allegations in Count I beyond the conclusory phrase "willfully and wantonly." (Id., p. 7, ¶ 19.)

### C. Judge Hawley Recommended Denying the Motion to Dismiss, and Wal-Mart Filed Objections to the Report and Recommendation

Judge Hawley recommended denying Wal-Mart's Motion to Dismiss Count I because Stigleman's complaint has sufficiently alleged facts giving rise to a duty that Wal-Mart owed McClain. Judge Hawley recommended denying the Motion to Dismiss Count II for the same reason, adding that, as a matter of law, the same actions may establish liability for either negligence or willful and wanton misconduct. Wal-Mart timely filed its Objection to the

Report and Recommendation (d/e 13).

### III. JURISDICTION AND VENUE

This Court has jurisdiction over the state-law-based tort claims in this action if the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332.  Plaintiff Diane Stigleman is now and was at the commencement of this action in the Seventh Judicial Circuit, Sangamon County, Illinois, a citizen of the State of Illinois.  Plaintiff's Decedent, Matthew McClain, was at all relevant times a citizen of the State of Illinois.  Defendant Wal-Mart is a corporation organized under the laws of the State of Delaware with its principal place of business in Arkansas.  The parties are, therefore, completely diverse for purposes of § 1332.

The amount-in-controversy requirement of § 1332 requires some explanation but ultimately is also satisfied.  Stigleman's complaint in state court sought no specific amount in damages, but the prayer for relief in each of the complaint's two counts sought damages "in excess of the minimum jurisdictional limit of the law division of Sangamon County, Springfield, [Illinois]."  (Am. Notice of Removal, d/e 8, ex. 1, at 10, 14; see also 735 ILCS 5/2-604

(prohibiting plaintiffs from pleading a specific amount in damages in personal injury cases, except to the extent required to comply with circuit assignment rules).) Plaintiff's counsel certified in an affidavit attached to the state court complaint, as he was required to do, that the damages sought were in excess of $50,000. See ILCS S. Ct. Rule 222(b). This affidavit ensured that Stigleman's case would be assigned to the Law Division of the Sangamon County Circuit Court. Cf. Sangamon County Circuit Clerk Filing Fees, http://www.sangamoncountycircuitclerk.org/AAAFiling_Fees.htm (last visited Sept. 25, 2014) (providing filing fees for Law Division cases where the amount in controversy is "$50,000.01 – Plus").

Following removal, Stigleman sought to have this case remanded to the Sangamon County Circuit Court on the basis of improper notice of removal and failure to establish Decedent McClain's diverse citizenship status. (See Pl.'s Mot. Remand, d/e 5, at 2–5.) Notably, Stigleman did not challenge the basis of this Court's diversity jurisdiction for failure to meet the amount-in-controversy requirement. Of course, the Court has an independent duty to verify its own jurisdiction even where parties do not raise the issue of an insufficient amount in controversy. See Johnson v.

Wattenbarger, 361 F.3d 991, 992 (7th Cir. 2004). The Court notes that Plaintiff's original state-court complaint evinces a purpose to invoke circuit court assignment rules that place the complaint before a judge in a court division with the circuit's highest threshold requirement for damages. Moreover, courts have regularly held that where plaintiffs allege serious permanent injuries and significant medical expenses, that plaintiffs' damages exceed the amount-in-controversy requirement is plain on the face of the complaint. See, e.g., McCoy v. Gen. Motors Corp., 226 F. Supp. 939, 941 (N.D. Ill. 2002). In light of the damages Stigleman alleged in this case, and in recognition of the purpose to effect removals without unnecessary delay while preventing parties from holding back their "federal cards," Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 966 (7th Cir. 1982), this Court ultimately denied Plaintiff's motion to remand. (Text order of Dec. 2, 2013.) Thus, because this case satisfies both the complete diversity and the amount-in-controversy requirements of § 1332, jurisdiction is proper in this Court.

Venue is proper in this Court because the original action was filed in Sangamon County, Illinois, located within the Springfield Division of the Central District of Illinois. 28 U.S.C. § 1441.

## IV. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Id. The complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However,

merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient.  Id.

## V. ANALYSIS

### A. Stigleman Has Not Sufficiently Alleged that Wal-Mart Owed a Duty to McClain in Count I

To state a prima facie case for negligence in Illinois, a plaintiff must plead facts to show that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, and the breach proximately caused damages to the plaintiff.  Iseberg v. Gross, 879 N.E.2d 278, 284 (Ill. 2007); see also Raffen v. Int'l Contractors, Inc., 811 N.E.2d 229, 233 (Ill. App. Ct. 2004) (providing the same elements in a case establishing duty of defendant landowner to motorists on adjacent road).  Breach, causation, and damages are all issues of fact; only the question of whether a duty was owed is a question of law.  Iseberg, 879 N.E.2d at 284.  To decide whether a defendant owed a duty of care to a plaintiff, the Court must consider four factors:  (1) the reasonable foreseeability of the plaintiff's injury; (2) the likelihood of the plaintiff's injury; (3) the magnitude of the burden on the defendant to guard against the injury; and (4) the consequences of placing that burden on the

defendant. Raffen, 811 N.E.2d at 233; but see Zimmermann v. Netemeyer, 462 N.E.2d 502, 506–10 (Ill. App. Ct. 1984) (discussing at length the overwhelming role of public policy determinations, and the variable nature of the concept of foreseeability, in the Illinois cases analyzing the foregoing four factors). Ultimately, whether a defendant owes plaintiff a duty of care depends on whether the parties stood in such a relationship to one another that the law would impose an obligation on defendant to act reasonably to protect the plaintiff under the circumstances. Raffen, 811 N.E.2d at 233.

In cases like the present case, where a landowner allegedly owes a duty to travelers on an adjacent roadway, Illinois courts focus first on the foreseeability of the injury. Ziemba v. Mierzwa, 566 N.E.2d 1365, 1366 (Ill. 1991). And, though Wal-Mart does not say so directly, each of its arguments that it owed no duty to McClain as a motorist on an adjacent roadway boils down to the argument that McClain was not a party foreseeably injured by Wal-Mart's actions or omissions.

Wal-Mart argues that it did not owe McClain a duty of care McClain, a motorist on a public road adjacent to Wal-Mart's

property. Wal-Mart objects to Judge Hawley's Report and Recommendation on the grounds that: (1) Judge Hawley erred when he found that the intersection was dangerous because it presented motorists exiting Wal-Mart with too much information to process and decide in a few seconds; (2) Wal-Mart did not owe a duty to provide a safe means of ingress and egress to the decedent, who was neither entering nor exiting the premises at the time of the accident; (3) premises owners owe no duty to motorists traveling on adjacent public roadways; and (4) the only plausible inference from the allegations in the complaint is that Davis operated his vehicle negligently at the time of the accident.

Illinois courts have routinely held that business owners generally owe a duty to provide a safe means of ingress to and egress from their places of business. See, e.g., Hougan v. Ulta Salon, Cosmetics & Fragrance, Inc., 999 N.E.2d 792, 798 (Ill. App. Ct. 2013). Moreover, landowners generally owe a duty of care to others outside their land to prevent physical harm caused by a non-natural condition on the land which the landowner has created and knows or should know involves an unreasonable risk of harm. Restatement (Second) of Torts § 364 (1965), cited with approval in

Altszyler v. Horizon House Condo. Ass'n, 529 N.E.2d 704, 709 (Ill. App. Ct. 1988) (holding that the landowner owed a duty to bicyclist riding on the sidewalk abutting the landowner's property for "injuries caused by the differential grade level in the sidewalk"). Illinois courts have also held landowners liable for the injuries to motorists on adjacent roads resulting from the unsafe condition of the intersection of the landowners' private drives and the public roads. Raffen, 811 N.E.2d 229 (wherein a pile of snow at the edge of the defendant landowner's property prevented drivers on the intersecting road from seeing each other).

In this case, however, Stigleman has not sufficiently alleged that the intersection was unsafe or that Wal-Mart caused a non-natural condition on the land that created an unreasonable risk of harm. The Court agrees with Wal-Mart that Count I, as alleged, is governed by the Illinois Supreme Court's decision in Ziemba v. Mierzwa, 566 N.E.2d 1365 (1991).

In Ziemba, a truck driver exited the defendant's foliage-obscured driveway and struck and injured a bicyclist on the adjacent road. 566 N.E.2d at 1365. The bicyclist sued primarily on the theory that the defendant landowner owed a duty to users of the

adjacent road to warn of the driveway and motorists exiting from the driveway to the road.  Id. at 1366.  In fact, all six of the bicyclist's specific allegations focused on notice or warning to the users of the adjacent road, as well as the visibility of the driveway for those users.  Id. The bicyclist did not allege that the foliage prevented the truck driver exiting the driveway from seeing oncoming traffic.  Id. at 1368.

The Illinois Supreme Court held that the defendant did not owe the bicyclist a duty of care because the accident at issue was not reasonably foreseeable.  Specifically, the Court found that the condition of the driveway alone was not dangerous.  Id.  The driveway and foliage only became dangerous by the addition of the vehicle negligently exiting the driveway.  Id.  Because the driver could see the oncoming traffic, it was not reasonably foreseeable to the defendant landowner that the driver would exit the driveway without determining whether any traffic was approaching.  Id.  at 1369 (also finding that imposing a duty under these facts would require a defendant to guard against the negligence of others).

In this case, Stigleman alleges that the intersection poses a danger to motorists on Dirksen Parkway because a motorist exiting

Wal-Mart via Sam's Place must travel across approximately three lanes of traffic to turn left onto Dirksen Parkway and across approximately five lanes of the traffic to access neighboring businesses. (Compl. ¶¶ 16, 17). However, the danger arises from a motorist doing so when there is oncoming traffic and the motorist fails to wait for the oncoming traffic to pass. Stigleman alleges nothing about the condition of the intersection itself that would render the intersection dangerous absent a vehicle negligently exiting via Sam's Place. For example, Stigleman does not allege that a motorist could not see the oncoming traffic due to the construction of the intersection or that a motorist had no other means of exiting the parking lot. Therefore, this case is distinguishable from those cases where a condition created by the defendant posed a danger even absent or in addition to a negligent act by a third party. See, e.g., Raffen, 811 N.E.2d 229 (holding landowner owed duty of care to drivers on adjacent road to prevent snow the landowner piled at the edge of the property from blocking view of both exiting motorist and driver on adjacent road because landowner was in best position to observe and correct dangerous condition); Gilmore v. Stanmar, Inc., 633 N.E.2d 985, 987 (Ill. App.

Ct. 1994) (holding canopy-owners liable in nuisance for erecting a pedestrian canopy that obscured vision of plaintiff motorist and third-party motorist, notwithstanding third-party motorist's negligence in failing to obey a stop sign and proceeding while knowing his vision was obscured by the canopy).

The other allegations in the complaint do not change this result. For instance, the allegations concerning other accidents in Springfield and elsewhere are too conclusory or vague to meet the plausibility threshold. Further, Stigleman has not plausibly alleged that Wal-Mart has control over the intersection construction, signage, and design such that Wal-Mart's alleged failure to provide certain signage would, by itself, constitute a breach of a duty. See 605 ILCS 5/4-210 (providing that the Department of Transportation the authority to adopt and amend rules, regulations, and specifications covering entrance and exit driveways); 605 ILCS 5/4-211 (providing that the Department shall issue permits for entrance and exit driveways and has the power to relocate any entrance or exit as required for public safety).

Finally, imposing a duty on Wal-Mart toward McClain under the facts alleged here would impose on Wal-Mart a duty to guard

against the negligence of others.  The Illinois Supreme Court has held that imposing such a duty "would place an intolerable burden on society."  Ziemba, 566 N.E.2d at 1369, quoting Dunn v. Baltimore & Ohio R.R. Co., 537 N.E.2d 738 (Ill. 1989).

In sum, Stigleman has not alleged facts that plausibly demonstrate that McClain's injuries were foreseeable to Wal-Mart.  Accordingly, Stigleman has failed to allege that Wal-Mart owed a duty to McClain.  The Court ,therefore, rejects the Report and Recommendation with respect to Count I.  Wal-Mart's Motion to Dismiss Count I is granted.

## B. Count II, Willful and Wanton Misconduct Count, is Dismissed

To state a claim for willful and wanton misconduct in Illinois, a plaintiff must allege, in addition to the elements of ordinary negligence, either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff.  Doe ex rel. Ortega-Piron v. Chi. Bd. of Educ., 820 N.E.2d 418, 423 (Ill. 2004); see also Green v. Woode River Trust, 998 N.E.2d 925, 932 (Ill. App. Ct. 2013) (providing the same elements in a premises liability case).  Merely pleading in conclusory fashion that the

defendant's actions were willful and wanton is insufficient; rather, factual allegations must show the defendant's intent or their indifference to or conscious disregard for the plaintiff's safety. See Adkins v. Sarah Bush Lincoln Health Ctr., 544 N.E.2d 733, 744 (1989). "A defendant is willful and wanton when he has actual or constructive knowledge that his acts, or his failure to act, create a high probability that others will incur serious physical harm, and the defendant nevertheless recklessly disregards this danger." McDermott v. Metro. Sanitary Dist., 607 N.E.2d 1271, 1287 (Ill. App. Ct. 1992). Under Illinois law, a statement in a complaint of a defendant's knowledge is an allegation of ultimate fact, not a conclusion. See Oravek v. Cmty. Sch. Dist. 146, 637 N.E.2d 554, 558 (Ill. App. Ct. 1994). A plaintiff need not plead the evidentiary facts that she intends to use to prove the defendant's knowledge. Ward v. Cmty. Unit Sch. Dist. No. 220, 614 N.E.2d 102, 106 (Ill. App. Ct. 1993).

In its Objection to the Report and Recommendation, as well as in its Motion to Dismiss, Wal-Mart asserts, as it did in response to Count I, that Stigleman's factual allegations in Count II do not give rise to any duty Wal-Mart owed to McClain as a motorist on a

motorist on a public road adjoining Wal-Mart's property. For the reasons already discussed with respect to Count I, this argument is well-taken with respect to Count II. The Court therefore rejects the Report and Recommendation with respect to Count II. Wal-Mart's Motion to Dismiss Count II is granted.

## VI.   CONCLUSION

**IT IS THEREFORE ORDERED that the Report and Recommendation (d/e 12) is REJECTED, except as to its statement of facts in Part I.  Wal-Mart's Motion to Dismiss (d/e 4) is GRANTED.  The complaint is DISMISSED without prejudice and with leave to replead.   Stigleman shall file an amended complaint on or before October 14, 2014.**

**IT IS SO ORDERED.**

ENTER:  September 30, 2014

FOR THE COURT:                      <u>s/ Sue E. Myerscough</u>
                                           SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE