**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| DIANE STIGLEMAN, as Special Administrator of the Estate of Matthew McClain, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 13-3370 |
| WAL-MART STORES, INC., | ) ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Leave to File an Amended Complaint Naming Additional Parties and to Remand (d/e 17) filed by Plaintiff Diane Stigleman, as Special Administrator of the Estate of Matthew McClain, deceased.  Because the relevant factors weigh in favor of permitting the post-removal joinder of a nondiverse party, the Motion is GRANTED.

**I. BACKGROUND**

In September 2013, Plaintiff filed a Complaint in the Circuit Court for the Seventh Judicial Circuit, Sangamon County,

Springfield, Illinois against Defendant Wal-Mart Stores, Inc. The Complaint alleged negligence and willful and wanton misconduct in Defendant's provision and maintenance of a private drive as a means of ingress and egress to its business invitees. See Compl. (d/e 1-1). Plaintiff alleged that, as a direct and proximate result of Defendant's allegedly defective private drive, McClain was killed on May 24, 2013 when William Davis exited the Wal-Mart store via the private drive and his vehicle collided with McClain's motorcycle on North Dirksen Parkway in Springfield, Illinois.

On October 30, 2013, Defendant filed a Notice of Removal asserting that this Court has jurisdiction over the litigation pursuant to 28 U.S.C § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. See Notice of Removal (d/e 1).

In November 2013, Defendant filed a Motion to Dismiss on the basis that the Complaint failed to state a claim upon which relief may be granted. See Mot. (d/e 4). Defendant argued that Plaintiff's allegations did not give rise to a duty on Defendant's part to operate, control, or manage the intersection of its private drive with North Dirksen Parkway or a duty to ensure the safety of

motorists traveling on North Dirksen Parkway. Defendant also claimed it did not owe McClain any duty to protect him from injuries occurring off of Defendant's premises or from injuries resulting from the negligence of a third party.

In April 2014, United States Magistrate Judge Jonathan E. Hawley entered a Report and Recommendation (d/e 12) recommending that the Motion to Dismiss be denied. Defendant filed objections (d/e 13).

In September 2014, this Court rejected the Report and Recommendation, with the exception of the statement of facts in Part I, granted Defendant's Motion to Dismiss, and dismissed the complaint without prejudice and with leave to replead. Opinion (d/e 15). Specifically, this Court found that Plaintiff failed to allege that Defendant owed a duty to McClain because Plaintiff did not allege facts that demonstrated that McClain's injuries were foreseeable to Defendant. Plaintiff did not sufficiently allege that the intersection was unsafe or that Defendant caused a non-natural condition on the land that created an unreasonable risk of harm. Id. at 13. In addition, this Court found the allegations in the Complaint concerning other accidents too conclusory or vague

to meet the plausibility threshold. Id. at 16. Finally, this Court found that Plaintiff did not plausibly allege that Defendant had control over the intersection construction, signage, and design. Id. at 16.

On October 14, 2014, Plaintiff filed an Amended Complaint (d/e 16). The Amended Complaint contains additional allegations regarding the allegedly dangerous condition of the intersection and Defendant's control over the intersection. Specifically, Plaintiff alleges that Defendant designed, constructed, built, and erected the private drive in approximately 2001, when North Dirksen Parkway was a two-lane road. Am. Compl. ¶ 259. In 2005, North Dirksen Parkway was widened to five lanes. Id. ¶ 261. The traffic control device at the intersection remained a stop sign and allowed business invitees exiting Defendant's property via the private road to turn left onto North Dirksen Parkway. Id. ¶ 262, 263.

Plaintiff alleges that, notwithstanding the widening of North Dirksen Parkway, Defendant failed to conduct a traffic safety study, analysis, or investigation concerning the intersection of the private driveway and North Dirksen Parkway from 2005 to the present. Id. ¶ 265. Plaintiff also alleges the many different ways

that the intersection is dangerous, unsafe, and defective, including that the intersection presents business invitees "with too large of an area to cover in order to make a successful left hand turn" or to "successfully travel across five lanes of high-speed traffic." Id. ¶ 326(c), (d).

The Amended Complaint further alleges that, between 2005 and May 2013, 18 accidents have occurred at the intersection and all were caused by Defendant's business invitees turning left across multiple lanes of high speed traffic to enter or exit Defendant's property via the private road. Am. Compl. ¶ 266. Plaintiff also identifies 28 other accidents at the intersection but does not indicate the cause of or circumstances involved in those accidents. See Id. ¶¶ 99-221. On information and belief, the Springfield Police Department, Springfield Fire Department, and/or emergency personnel were called to the accident scene for each of those accidents. In one instance, the accident involved an officer, agent, servant, and/or employee of Defendant. Id. ¶ 120. On two occasions, police officers entered Defendant's store and viewed security footage of the collision. Id. ¶¶ 196, 201.

Plaintiff alleges that from 2001 until 2013, Defendant had security cameras mounted on the exterior of the store that recorded the intersection of the private driveway and North Dirksen Parkway 24 hours per day, 365 days per year. Id. ¶ 102. After being sued in 2013 for a collision that occurred in 2011 (Mikus v. Wal-Mart Stores, Inc., Sangamon County Case No. 12 L 0079), Defendant altered the position of the camera so that it no longer captures the intersection. Id. ¶ 104.

Plaintiff also alleges that, prior to the accident in this case, Defendant has been sued four times nationwide for connecting private drives to public roadways and then negligently directing its invitees to use the drives to turn left across multiple lanes of high-speed traffic to exit its property. Id. ¶¶ 13-67. One of those lawsuits resulted in the decision by the Supreme Court of Appeals of West Virginia, which held that Wal-Mart (Defendant herein) had a duty to maintain its premises in a reasonably safe condition and finding that a jury may conclude it was foreseeable that Wal-Mart could expect more accidents to occur at the intersection. Louk v. Isuzu Motors, 479 S.E.2d 911 (W.Va. 1996) (wherein the decedent was in the car exiting the private driveway). Plaintiff alleges that a

jury ultimately issued a verdict from Wal-Mart guilty of proximately causing the wrongful death. Am. Compl. ¶ 27. Another of those nationwide lawsuits resulted in a decision by the New Mexico Appellate Court, which held that a question of fact remained whether Wal-Mart (Defendant herein) failed to take reasonable steps to protect its invitees from harm. Luevano v. Wal-Mart, Case No. 19, 146 (wherein the decedent was attempting a left-hand turn from the Wal-Mart driveway onto the highway) (opinion attached to the Amended Complaint as Exhibit B). Plaintiff alleges that a jury in New Mexico issued a verdict finding Wal-Mart guilty of proximately causing the wrongful death of Selena Luevano. Id. ¶ 43.

According to the allegations of the Amended Complaint, the National Cooperative Highway Research Report 659 titled "NCHRP Report 659-Guide for the Geometric Design of Driveways" describes the dangers posed by intersections of public roadways and private property, the considerations that must be made when locating such intersections and determining the proper signage for such intersections, and the potential for increased traffic crashes. Am. Compl. ¶¶ 274-297. Plaintiff alleges Defendant knew about

such literature, its findings, conclusions, and recommendations. Id. ¶ 298. Moreover, Plaintiff alleges that Tracy L. Rosser, Vice President of Corporate Traffic for Defendant, was part of the Transportation Research Board 2010 Executive Committee responsible for publishing National Cooperative Highway Research Report 659. Id. ¶¶ 274, 275.

On the same day Plaintiff filed the Amended Complaint, Plaintiff filed the Motion for Leave to File an Amended Complaint Naming Additional Parties and to Remand (d/e 17) at issue herein. On October 21, 2014, Defendant filed a Motion to Dismiss (d/e 18) for failure to state a claim and a response in opposition to Plaintiff's Motion for Leave (d/e 19).

In the Motion for Leave to File An Amended Complaint Naming Additional Parties and to Remand, Plaintiff seeks to file a Second Amended Complaint adding as additional parties Woolpert, Inc. (Woolpert), the firm that designed the Illinois Department of Transportation and City of Springfield project to widen Dirksen Parkway from two lanes to five lanes, and Truman L. Flatt & Sons Company, Inc. (Truman), the contractor for the project. Plaintiff seeks to bring a negligence claim alleging that Truman and

Woolpert negligently constructed, engineered, and/or designed the intersection of Defendant's private driveway and North Dirksen Parkway. Proposed Second Am. Compl. Counts III and IV, ¶ 20 (d/e 17-2).

In support of the Motion, Plaintiff states that on August 21, 2014, Defendant sought leave to file third-party pleadings against Woolpert and Truman in a different case pending in Sangamon County Circuit Court, namely <u>Mikus v. Wal-Mart Stores, Inc.</u>, Case No. 12-L-79. <u>See</u> Mot., Exhibit 1 (d/e 17-1). The <u>Mikus</u> case involves a factually similar motorcycle/vehicle collision that occurred at the intersection of Defendant's private drive and North Dirksen Parkway. Defendant's proposed third-party complaint in the <u>Mikus</u> case alleged that, if Defendant breached any duty to plaintiffs which proximately caused the claimed injuries to plaintiffs, then Defendant is entitled to contribution from Woolpert for Woolpert's negligent engineering and design of the connection between the private driveway and North Dirksen Parkway. <u>See</u> Motion for Leave to File Third-Party Complaints Against Woolpert, Inc. and Truman L. Flatt & Sons Company, Inc. filed in the <u>Mikus</u> case, attached to Plaintiff's Motion at d/e 17-1; <u>see also</u> proposed

third-party complaint against Woolpert Inc. filed in the Mikus case (d/e 17-1). Plaintiff did not attach the proposed third-party complaint against Truman, but Defendant's motion for leave to file in the Mikus case indicates Defendant also sought leave to file a third-party complaint against Truman.  See Motion (d/e 17-1).

In this case, Plaintiff seeks to add Woolpert and Truman as defendants pursuant to Federal Rule of Civil Procedure 15(a)(2). However, joinder of Truman as a party defendant would destroy diversity jurisdiction because both Truman and decedent are Illinois citizens.  See 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").  Truman is a corporation incorporated in Delaware with its principle place of business in Springfield, Illinois.  Mot., Ex. 3 (d/e 17-4).  McClain, the decedent, was a citizen of Illinois.  Am. Notice of Removal ¶ 6 (d/e 8).

## II. ANALYSIS

Generally, a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party seeks leave to amend to join a nondiverse party who would destroy complete diversity, section 1447(e) of 28 United States Code applies. Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). In making this determination, the court considers: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable consideration." Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009). The court has discretion whether to permit or deny post-removal joinder of a nondiverse party. Id.

Addressing each of the relevant factors, the Court will, in its discretion, allow joinder and remand the action to the state court.

Defendant does not suggest that Plaintiff's motivation in seeking to join the additional parties is to destroy diversity, nor does the Court find any such motivation on Plaintiff's part. Plaintiff's request is also timely. Plaintiff states that she learned of the two additional defendants when, August 2014, Defendant sought to add them as third-party defendants in <u>Mikus</u>, the similar lawsuit pending in Sangamon County Circuit Court. Plaintiff sought leave in this case on October 14, 2014, and the Court finds that timely. <u>See</u>, <u>e.g.</u>, <u>Stuart v. Chin</u>, 835 F.Supp.2d 680, 683 (S.D. Ind. 2011) (finding seven weeks was not untimely).

Plaintiff will be prejudiced if joinder is not allowed. Plaintiff would otherwise have to bring a state lawsuit against Truman and Woolpert, which would result in parallel proceedings. <u>See</u> <u>Schur</u>, 577 F.3d at 768 ("we must also consider Schur's interest in avoiding the cost and inconvenience of parallel lawsuits in state and federal court").

Defendant asserts that it will suffer prejudice if joinder is allowed because the amendment is futile as to the claims against Defendant. Defendant asks that the Court rule on Defendant's Motion to Dismiss before allowing amendment of the Amended

Complaint. While granting Plaintiff leave to add the two additional defendants would require remand and pose some delay to Defendant, Defendant remains capable of pursuing its Motion to Dismiss in state court. In weighing the competing prejudice, the Court finds this factor weighs in favor of granting Plaintiff leave to amend.

Because the factors favor granting Plaintiff leave to amend, the Court will grant Plaintiff's motion to amend and remand the cause to State court.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion for Leave to File an Amended Complaint Naming Additional Parties and to Remand (d/e 17) is GRANTED. Because the Second Amended Complaint names an additional party who destroys complete diversity, this cause is remanded to the Circuit Court of Sangamon County pursuant to 28 U.S.C. § 1447(e).

ENTER: February 11, 2015

FOR THE COURT:

    s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE